LENA E. WILLIAMSON *vs.* ARNOLD D. WILLIAMSON.

AUGUST 22, 1956.

PRESENT: Flynn, C.J., Condon, Andrews and Paolino, JJ.

CONDON, J. This is a wife's petition for divorce. On April 11, 1955 an interlocutory decree granting the petition and awarding her the custody of a minor child and an allowance of $10 a week for his support was entered in the superior court. On August 19, 1955 the petitioner moved to amend the decree to the extent that she be awarded all of the household furniture and that the respondent be ordered to pay more than $10 a week and counsel fees "for the preferring of this petition."

After a hearing, the superior court denied the motion as to the furniture and counsel fees but granted it as to the allowance for the child's support by increasing it to $15 a week and ordering the respondent to pay $50 twice yearly for his clothing just before Easter and just before the opening of school in the fall. From a decree to that effect, entered on September 30, 1955, the respondent has appealed to this court.

The respondent contends that the decree is against the law and the evidence, that the trial justice erred in allowing the petitioner to testify as to her inability to support the

child on $10 a week, and that he also erred in increasing the allowance and awarding new amounts for clothing without any proof of a change in the child's circumstances. Those contentions in substance and effect raise two questions: Did the trial justice apply the correct law to the facts in evidence? Is the relief which he granted supported by the weight of the evidence?

The law governing a proceeding of this nature is well established in this state. In the first place the original decree which petitioner by her motion seeks to have modified must be recognized as having "settled the rights of the parties until a change in conditions is shown." *Moore* v. *Moore,* 53 R. I. 294, 295. On a motion to increase an allowance, the moving party has the burden of proving such a change and also the financial ability of the other party to pay the increase in the allowance which is reasonably warranted thereby. *Gartner* v. *Gartner,* 79 R. I. 399.

In the case at bar, therefore, petitioner had the burden of proving by a fair preponderance of the evidence that there was a change in the circumstances, since the entry of the original decree, that necessitated an increase in the allowance of $10 a week for the child's support. She also had the burden of proving that respondent had the financial ability to pay more than that amount. The respondent argues that petitioner had a further burden of showing a change in his circumstances from what they were at the time the original decree was entered.

The respondent misconceives the law. On a motion to increase the allowance the petitioner is under no such obligation. It is only on a motion to reduce the allowance because of a change in circumstances that it becomes incumbent on the moving party to show such change in order to justify the reduction sought. See *Reynolds* v. *Reynolds,* 53 R. I. 326. On this point, therefore, the trial justice did not err in not requiring petitioner to prove a change in respondent's circumstances.

This brings us to a consideration of the evidence. It appears therefrom that the minor child is a boy of eight years. However, there is no evidence of his specific needs, of his home and school environment, of what it reasonably costs to support him in such environment, or of the state of his health and whether it is such as to require unusual medical care. There is also an utter lack of evidence, as far as the instant motion is concerned, tending to show a change of circumstances that justified an increase in the allowance for his support which was settled by the original decree. The only evidence on this point that petitioner refers to is her testimony as follows: "Q. Mrs. Williamson, are you able to properly support that child on ten dollars a week? A. No. Q. What is the minimum that you require? A. I'd say about $20." Manifestly, this cannot be considered as evidence tending to prove a change of circumstances.

The trial justice apparently felt and so stated that $10 a week was not adequate to support an eight-year-old boy. This may well be, but the question here is not what a boy of that age generally needs for support. The real question is what, if any, has been the change in the circumstances of this particular boy since the court by its original decree settled the amount that was needed for his support. *Moore v. Moore, supra.*

After considering the very meager if not total lack of evidence on this crucial point of petitioner's case, we are of the opinion that she has failed to discharge the burden which the law places upon her in a proceeding of this nature. While the evidence is sufficient to prove the financial ability of respondent to pay $15 a week and the clothing allowances, it furnishes no proof of a change in the circumstances that would warrant such increase and allowances for the child.

The respondent, apparently being in doubt as to the proper procedure to bring the case for review here, prosecuted a bill of exceptions together with his appeal. In a proceeding of this nature commenced after the entry of the

decision and an interlocutory decree granting the divorce, appeal is the correct remedy. *Smith* v. *Smith,* 50 R. I. 278. The bill of exceptions is therefore dismissed.

The respondent's appeal is sustained, the decree appealed from is reversed insofar as the awards of the increase in the allowance for support and clothing allowances are concerned, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum, Max Levin,* for petitioner.

*William R. Goldberg,* for respondent.